Ms. Joi L. Leonard 12109 Stagecoach Road, Lot 706 Little Rock, Arkansas 72210
Dear Ms. Leonard:
I am writing in response to your request, presumably made pursuant to A.C.A. § 25-19-105(c)(3)(B), for an opinion on whether the decision of the Dean of the William H. Bowen School of Law at the University of Arkansas at Little Rock to withhold certain records you have requested is consistent with the Arkansas Freedom of Information Act ("FOIA"). See A.C.A. §§ 25-19-101 — 109 (Repl. 2002 and Supp. 2007). Specifically, you requested thirteen separate items of information. According to the response of the Dean you enclosed with your request, much of the requested information is being made available to you with certain redactions. You state that "At issue at this time are only items (7), (12), and (13). Those items are:
 (7) All Professional Activity Reports filed by Law School faculty in any year since and including 2004.
 * * *
 All records that reflect the LSAC-scaled undergraduate grade point average, LSAT score, Law School index score, admission status, race, or gender of every student who applied for Law School Admission for the 2004, 2005, 2006, 2007, or 2008 entering class, with the information organized, or ascertainable, by individual student, to the extent reasonably possible.
All records that reflect applications for or awards of scholarship funds to be paid in the academic years 2004-05, 2005-06, 2006-07, and 2007-08, to the extent reasonably possible organized, or ascertainable, by individual student, and to the extent reasonably possible cross-referenced with admission information requested in the previous paragraph.
The custodian of the record has denied your request for the "Professional Activity Reports" on the grounds that they "constitute a portion of the faculty members' employee evaluation or job performance records, which are exempt from disclosure pursuant to Ark. Code Ann. § 2 5-19-105(c)(1)." The custodian has also denied access to most of the records listed in items (12) and (13) above on the basis of the Family Education Rights to Privacy Act ("FERPA") and A.C.A. § 25-19-105(b)(2). You have asked for my "review of a State entity's denial of access to information requested pursuant to the Arkansas Freedom of Information Act."
RESPONSE
I must state as an initial matter that my authority to review the decision of a custodian of records under A.C.A. § 25-19-105(c)(3)(B) is limited to "personnel or evaluation records." A.C.A. §25-19-105(c)(3)(A) and (B) (Supp. 2007). I therefore have no authority to review the custodian's decision as to items (12) and (13) above. With regard to item (7), the "Professional Activity Reports," I have not been provided with the actual records in question. You have supplied a blank "Professional Activity Report" form, however, which you state you independently obtained. After a review of this form, it is my opinion that this type of record is properly classified as an "employee evaluation or job performance" record and is therefore not subject to inspection and copying absent a suspension or termination of the faculty member to whom it pertains and unless all the other requirements for the release of this type of record have been met.
The FOIA provides for the disclosure upon request of certain "public records," which the Arkansas Code defines as follows:
 "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2005). Given that the subjects of the request are state employees, I believe documents containing the requested information clearly qualify as "public records" under this definition. As one of my predecessors noted in Op. Att'y Gen. No.1999-305, "If records fit within the definition of `public records' . . . they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law." Id. at 2.
"Employee evaluation or job performance records" are releasable only if various conditions have been met. Subsection 25-19-105(c)(1) of the Arkansas Code provides in pertinent part:
 [A]ll employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure.
The FOIA does not define the term "employee evaluation or job performance records," nor has the phrase been construed by the Arkansas Supreme Court. This office has consistently taken the position that any records that were created by or at the behest of the employer and that detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents are properly classified as employee evaluation or job performance records. See, e.g., Ops. Att'y Gen. 2006-038; 2006-035; 2005-030; 2004-211; 2003-073; 98-006; 97-222; 95-351; 94-306; and 93-055. The record must also have been created for the purpose of evaluating an employee. See, e.g., Op. Att'y Gen. 2006-038; and 2004-012.
In my opinion the "Professional Activity Report" form you have enclosed is properly classified as an "employee evaluation or job performance record." It covers the period of one calendar year and requires the faculty member to list a number of items, including courses taught, any innovative or experimental teaching approaches and the results thereof, publications completed or in progress, memberships and offices held in professional associations, and other professional activities and contributions. At the top of the form in bold lettering is the calendar year covered by the report and the instruction to "Please return to the Dean's Office no later than January 15, 2007." It appears that this form is therefore created "at the behest of a supervisor" in an effort to evaluate the job performance of faculty members. Absent the presence of the required factors for the release of job performance records (final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and a compelling public interest in disclosure), in my opinion these forms are not subject to inspection and copying.
In my opinion, therefore, the custodian's decision in this respect is consistent with the FOIA.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General *Page 1